United States District Court

for the

Southern District of Florida

| | | |
|---|---|---|
| Leah Cohen, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-22876-Civ-Scola |
| | ) | |
| American Airlines Federal Credit Union, Defendant. | ) ) | |

**Order on Motion to Dismiss**

This matter is before the Court on the Defendant American Airlines Federal Credit Union's motion to dismiss the amended complaint for failure to state claims of unlawful employment discrimination and retaliation. (Mot., ECF No. 21.) The Plaintiff, Leah Cohen, has responded (ECF No. 22), and the Defendant replied (ECF No. 29). The Court has reviewed the briefing, the record, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Court **grants** the motion. (**ECF No. 21**.)

**1. Background**

For the purposes of evaluating the motion to dismiss, the Court accepts the Plaintiff's factual allegations as true and construes the allegations in the light most favorable to her per Federal Rule of Civil Procedure 12(b)(6). As alleged in the amended complaint, the Plaintiff was employed by the Defendant, American Airlines Federal Credit Union ("AAFCU"), for 15 years and worked in the Miami, Florida office as a Member Service Representative since 2008. (Am. Compl., ECF No. 15 ¶ 12.) The problems began in late 2008, when a younger Hispanic female named Karen Arias became the Plaintiff's manager. (*Id.* ¶¶ 14-17.) Arias "expressed frustration" at the Plaintiff's inability to speak Spanish and "would frequently speak Spanish, with other employees, in front of Plaintiff" despite the Plaintiff "repeatedly" asking Arias to stop "this unjustified criticism." (*Id.* ¶¶ 17-19.) Arias also allegedly "would express offensive age-based comments" over about 18 months, such as asking when the Plaintiff planned to retire, stating that the Plaintiff was "too old" to continue working, and reminding the Plaintiff that she was the "oldest" employee at the AAFCU. (*Id.* ¶¶ 20-22.) Arias also "prohibited" the Plaintiff from leaving work early "to attend a Jewish funeral" on one occasion. (*Id.* ¶ 23.) Arias supervised four other employees during this time who were not "subjected to discriminatory disparate treatment." (*Id.* ¶ 25.)

In February 2020, Arias and a Human Resources representative accused the Plaintiff of racism. (*Id.* ¶¶ 26-27.) The Plaintiff responded that she was being discriminated against for being Jewish, older, and unable to speak Spanish. (*Id.* ¶ 28.) The Plaintiff took a leave of absence from March to August 2020 for medical reasons, and Arias encouraged the Plaintiff not to return. (*Id.* ¶¶ 32-33.) After the Plaintiff returned, she was "summarily terminated, through the issuance of correspondence" while Arias was present, and was ultimately replaced by "a substantially younger female employee, in her twenties, of Hispanic origin . . . ." (*Id.* ¶¶ 34-35.)

The Plaintiff has filed an amended complaint alleging nine claims against the Defendant. (ECF No. 15.) The Plaintiff claims that the Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Florida Civil Rights Act of 1992 ("FCRA") by engaging in unlawful workplace discrimination and retaliating against the Plaintiff for protected activity. Claims 1, 3, 4, 6, 7, and 8 relate to discrimination on the basis of national origin, religion, and age under the aforementioned statutes. Claims 2, 5, and 9 are for retaliation on the basis of a protected activity (here, the Plaintiff's complaint that the Defendant engaged in discrimination).

The Defendant argues in its motion to dismiss that the amended complaint should be dismissed as a shotgun pleading and that the Plaintiff has failed to state any claim upon which relief can be granted. While the Court disagrees that the amended complaint is an impermissible shotgun pleading, the Court agrees that the allegations supporting the claims are too conclusory, vague, and thin to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**2. Legal Standard**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to

nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

As a preliminary matter, the Defendant argues that the Court should dismiss the amended complaint because it is an impermissible shotgun pleading. (Mot., ECF No. 21 at 4-5.) The Court disagrees, albeit narrowly due to the confusing and often conclusory wording of parts of the amended complaint. While all of the Plaintiff's claims do incorporate paragraphs 1-37, they also make separate factual allegations for each claim sufficient to put the Defendant on notice of the claims against it and it is not "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. Of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). However, the Court agrees with the Defendant that these factual allegations are not sufficient to state a claim upon which relief can be granted.

### A. Discrimination Claims (Claims 1, 3, 4, 6, 7, and 8)

"[C]omplaints alleging discrimination . . . must meet the 'plausibility standard' of *Twombly* and *Iqbal*." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011).[1] Thus, the amended complaint must contain "sufficient factual matter" to support a reasonable inference that the Defendant engaged in intentional discrimination against the Plaintiff. *Henderson*, 436 F. App'x at 937. There are any number of ways the Plaintiff can do this, using "either direct evidence or circumstantial evidence to show . . . discrimination." *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022). Where, as here, a plaintiff seeks to prove discrimination through only circumstantial evidence, the Eleventh Circuit has used the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973) to determine whether a plaintiff has plausibly alleged discrimination. *Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 F. App'x 704, 708–09 (11th Cir. 2013) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc)).

---

[1] The Court treats the Title VII, FCRA, and ADEA discrimination claims together because the relevant legal framework for each is the same at this stage. *See Hughley v. Upson Cnty. Bd. of Commissioners*, 696 F. App'x 932, 935 (11th Cir. 2017) (treating Title VII and ADEA discrimination claims together at motion to dismiss stage); *Ganpath v. Advance Stores Co.*, No. 10-60036-CIV, 2011 WL 6069336, at *3 (S.D. Fla. Dec. 6, 2011) ("[F]ederal case dealing with Title VII applies to employment discrimination cases brought under the FCRA.").

"Under this framework, a plaintiff has the initial burden of establishing a prima facie case of [] discrimination by showing that: (1) he was within the statute's protected class; (2) he was qualified for his position; (3) he was subjected to adverse employment action; and (4) he suffered from disparate treatment because of membership in the protected class." *Caraway*, 550 F. App'x at 709 (citing *Kelliher v. Veneman*, 313 F.3d 1270, 1275 (11th Cir. 2002)). The crux of the dispute lies with the fourth element which, put differently, requires the Plaintiff to plead that she "was replaced by a person outside [her] protected class or was treated less favorably than a similarly-situated individual outside [her] protected class." *Lee v. GEO Secure Servs., LLC*, No. 22-CV-60689, 2022 WL 17740272, at *7 (S.D. Fla. Nov. 16, 2022), *report and recommendation adopted*, No. 22-CIV-60689-RAR, 2022 WL 17736219 (S.D. Fla. Dec. 16, 2022) (Ruiz, J.). This showing can be made through the use of "comparators," or others who are "similarly situated in all material respects" except their membership in a particular protected class. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1229 (11th Cir. 2019).

The Defendant concedes that the Plaintiff pleads sufficient facts to establish that she is a member of protected classes (national origin (American), religion (Jewish), and age (over 40)) (Def.'s Mot., ECF No. 21 at 6.), but takes issue with the sufficiency of the Plaintiff's allegations connecting her membership in those classes to adverse employment action, *i.e.*, the fourth element. Specifically, the Defendant argues that the Plaintiff fails to provide direct evidence of discrimination or sufficient information regarding her alleged comparators and that the amended complaint therefore contains insufficient facts to make plausible the claim that the Plaintiff was terminated due to discrimination. (*Id.* at 6-9.)

The Court agrees. First, the Plaintiff alleges that four other named employees are appropriate comparators by stating that they were not "subjected to discriminatory disparate treatment" and are "outside of the Plaintiff's protected class." (Am. Compl., ECF No. 15 ¶ 25.) To establish that a proposed comparator is "similarly situated," a plaintiff need not show that they are identical in all ways except membership in a protected class, but ordinarily that a valid comparator has engaged in the same basic conduct as the plaintiff, reports to the same supervisor, and shares the plaintiff's employment or disciplinary history. *Lewis*, 918 F.3d at 1227-28. The Plaintiff fails to allege any facts regarding the similarities between the Plaintiff and these proposed comparators aside from the fact that Arias supervised each of them. (*See* Am. Compl., ECF No. 15 ¶ 25.) Without even minimal facts on the performance or behavior similarities between the comparators and the Plaintiff, the Court cannot reasonably infer that the Plaintiff was treated differently from other

employees who, aside from their membership in protected classes, were similarly situated to her. *See Lewis*, 918 F.3d at 1223 ("[W]ithout determining whether the employer treated like cases differently—there's no way of knowing (or even inferring) that discrimination is afoot.") Therefore, the Plaintiff's discrimination claims fail unless she can establish that an inference of discrimination exists through other means.

Thus, the Court separately considers the allegations regarding disparate treatment relevant to each alleged protected class in which the Plaintiff is a member in order to ascertain whether any of the Plaintiff's other allegations, taken together, otherwise "present[] a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (cleaned up).

First, the Plaintiff alleges that the Defendant discriminated against her based upon her national origin (American) because Arias repeatedly criticized her for her inability to speak Spanish. But even if these criticisms and Arias's alleged efforts to exclude the Plaintiff from conversations conducted in Spanish rise to the level of adverse employment action, which they likely do not, the ability or inability to speak Spanish is not equivalent to national origin. *See, e.g.*, *Dalmau v. Vicao Aerea Rio-Grandense, S.A.*, 337 F. Supp. 2d 1299, 1312 (S.D. Fla. August 11, 2004) (Huck, J.) (finding that a Portuguese language requirement did not necessarily exclude everyone except Brazilians). The Plaintiff does not plead any facts connecting alleged animus against non-Spanish speakers to animus against members of the Plaintiff's protected class (Americans). Many Americans speak Spanish, and many non-Americans do not speak Spanish. There is therefore no basis on which the Court can infer that the Defendant discriminated against the Plaintiff on the basis of her national origin.

Next, the Plaintiff claims that the Defendant discriminated against her because of her age, based on Arias's alleged frequent comments—*e.g.*, asking the Plaintiff when she would retire and telling her that she was too old to work. However, again, these facts are insufficient to state a claim for age discrimination. The Plaintiff fails to connect the comments to her termination, and "simple teasing, off-hand comments, and isolated incidents," while inappropriate and deserving of reprimand, do not alone establish an adverse employment action. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). With respect to the termination, which both parties agree was an adverse employment action, there are no facts establishing that the Plaintiff's age was a cause of the decision, let alone the but-for cause. *See, e.g., Thomas v. Atlanta Pub. Sch.*, No. 120CV04581MHCCMS, 2021 WL 2640503, at *5 (N.D.

Ga. Apr. 30, 2021), *report and recommendation adopted*, No. 1:20-CV-4581-MHC-CMS, 2021 WL 2640809 (N.D. Ga. May 17, 2021). Indeed, the Plaintiff has not alleged any facts connecting Arias and her alleged discriminatory animus to the Defendant's decisionmaking process that led to the Plaintiff's termination, aside from Arias's presence in the room when the Plaintiff was advised of her termination. (*See* Am. Compl., ECF No. 15 ¶ 34.)

In fact, the Plaintiff acknowledges two intervening interactions with management where management accused her of "being a 'racist'" and of "interfering with Defendant's business operations" by traveling to Colombia on personal business. (Am. Compl., ECF No. 15 ¶¶ 27, 29.) Even if management was not justified in making these accusations, as the Court must accept at the motion to dismiss stage, the Plaintiff again does not offer sufficient information to infer that this treatment was discriminatory, either based on direct or circumstantial evidence. Instead, she repeatedly resorts to legal conclusions, which are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and therefore "do not suffice." *Watts v. Ford Motor Co.*, 519 F. App'x 584, 586 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

Finally, the Plaintiff claims that the Defendant discriminated against her based upon her religion by refusing to allow her to leave work early to attend a "Jewish funeral." (*See* Am. Compl., ECF No. 15 ¶¶ 56, 78.) Again, the Plaintiff has not alleged comparators, established that refusing to allow the Plaintiff to leave work early is an adverse employment action, or causally connected the Plaintiff's religion to any employment action, including her eventual termination. Instead, the Plaintiff simply asserts that the Defendant "discriminat[ed] against her, with respect to the terms and conditions of her employment, based on her Jewish faith, by refusing to allow her to attend a Jewish funeral; and ultimately, Plaintiff was unlawfully terminated . . . ." (*See id.*)

Thus, the Plaintiff's discriminatory treatment allegations fail to state a claim upon which relief can be granted. While a plaintiff complaining of workplace discrimination need not set forth every detail of her employment or every single instance of the discriminatory conduct she endured, she must nonetheless provide at least some "nonconclusory descriptions of specific, discrete facts of the who, what, when, and where variety" that plausibly show she is actually entitled to relief. *Watts*, 519 F. App'x at 587 (quoting *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013)); *see Veale v. Fla. Dep't of Health*, 2:13-CV-77-FTM-38UAM, 2013 U.S. Dist. LEXIS 105665, 2013 WL 5703577, at *5 (M.D. Fla. July 29, 2013) (requiring "allegations of specific facts to explain how the disparate treatment occurred" in order to properly

plead discrimination). Because the Plaintiff fails to accomplish this task, the Court grants the Defendant's motion to dismiss with respect to Claims 1, 3, 4, 6, 7, and 8.

### B. Retaliation Claims (Claims 2, 5, and 9)

The Plaintiff also makes three claims of retaliation. To establish a prima facie case of retaliation, the Plaintiff must establish that: (1) the Plaintiff engaged in statutorily protected expression, (2) the Plaintiff suffered an adverse employment action, and (3) there was a causal connection between the protected expression and the adverse employment action. *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008); *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998). Here, the Plaintiff's claims fail on at least the third element, and the Court therefore need not reach whether the Plaintiff's complaint to management constituted statutorily protected expression. (*See* Am. Compl., ECF No. 15 ¶ 28.)

"To prove a causal connection, we require a plaintiff only to demonstrate that the protected activity and the adverse action were not *wholly unrelated*." *Shotz v. Cates*, 256 F.3d 1077, 1180 n.30 (11th Cir. 2001) (emphasis in original). "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action. But mere temporal activity, without more, must be very close. A three or four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

Here, the Plaintiff's alleged statutorily protected expression—her complaint to management about discrimination—took place around February 2020 and she was terminated on August 4, 2020. (*See* Am. Compl., ECF No. 15 ¶¶ 26, 34.) The Plaintiff was on an approved medical leave for almost all of the intervening time period. (*See id.* ¶ 32.) Based on those allegations, the closest temporal proximity between the two events is five-to-six months. The Plaintiff claims that the Court should exclude the duration of the leave from this calculation, but provides no authority for doing so. (*See* Pl.'s Resp., ECF No. 22 at 13.) Thus, the Court concludes that the time period between the complaint and the Plaintiff's termination does not give rise to an inference of causation.

Because the Plaintiff does not allege a close enough temporal connection, the Court must look to other facts that might establish causation. However, the Plaintiff's allegations fall far short of the mark. The Plaintiff relies on conclusory statements, alleging that "[t]here was a causal nexus between the Plaintiff's expression of protected activity and the ultimate adverse employment action," without any additional factual detail. (*See, e.g.*, Am. Compl., ECF No.

15 ¶ 46.) The Plaintiff's allegations that Arias encouraged the Plaintiff not to return to work after her leave and that the Plaintiff's former manager told the Plaintiff that "management was attempting 'to set her' up for failure, and or [sic] to justify a false reason for the Plaintiff's termination" do not establish a causal relationship between the Plaintiff's February 2020 complaint and her termination—neither appear related to the Plaintiff's February 2020 oral complaint at all. (*See* Am. Compl., ECF No. 15 ¶¶ 31, 33.) Accordingly, the Plaintiff has failed to plausibly plead claims for retaliation and the Court dismisses counts 2, 5, and 9.

### 4. Conclusion

For the reasons stated above, the Court **grants** the Defendant's motion to dismiss because the Plaintiff has failed to state her claims under Rule 12(b)(6). (**ECF No. 21**.) Additionally, the Court dismisses the Plaintiff's amended complaint **without leave to amend**. Cohen has not requested leave to amend; nor has she indicated any inclination to do so. *See Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."); *compare with Carter v. HSBC Mortg. Services, Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) ("A pro se plaintiff, however, *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim.") (cleaned up) (emphasis in original).

Finally, the Clerk is directed to **close** this case.

**Done and ordered** at Miami, Florida on November 20, 2023.

_____
Robert N. Scola, Jr.
United States District Judge